# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.J.,<br><br>                              Petitioner,<br><br>       v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center; DANIEL BRIGHTMAN, Field Office Director, San Diego Office of Detention and Removal; TODD M. LYONS, Acting Director, KRISTI NOEM, Secretary, U.S. Department of Homeland Security ("DHS"); U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General, U.S. Department of Justice.<br><br>                              Respondents. | Case No.: 26cv0017 DMS VET<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days. Respondent filed a return to the Petition. Petitioner did not file a traverse.

As set out in the Petition, Petitioner is a citizen and national of Afghanistan. (Pet. ¶ 1.) On January 9, 2024, he entered the United States near San Ysidro, California without

inspection by an immigration officer where he was apprehended by border patrol agents and taken into custody at Otay Mesa Detention Center. (Return, Ex. 1.) On January 10, 2024, Petitioner made a credible fear claim to a border patrol agent who determined Petitioner was inadmissible. (*Id.*) Sometime thereafter, Petitioner was referred to an immigration officer for a credible fear interview, which ended in a positive finding. (*Id.*) On February 2, 2024, immigration officials served Petitioner with a Notice to Appear before an immigration judge on February 8, 2024. (*Id.*)

While his immigration proceedings were pending, Petitioner requested a bond hearing before the immigration judge. (Decl. of Linette Tobin in Supp. of Pet. ("Tobin Decl."), Ex., 4.) The immigration judge found she did not have jurisdiction over Petitioner's request, after which Petitioner withdrew his request for bond. (*Id.*)

At some point during his immigration proceedings, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") "based on his fear of persecution and torture due to his political opinion." (Pet. ¶ 2.) On December 23, 2024, the immigration judge denied Petitioner's request for asylum, but granted his request for deferral of removal under the CAT. (*Id.*)

The Department of Homeland Security ("DHS") appealed that decision to the Board of Immigration Appeals ("BIA"). On August 1, 2025, the BIA remanded the case to the immigration judge "to determine whether [Petitioner] was a member of the Haqqani network." (Tobin Decl., Ex., 3 at 2.) According to the record, Petitioner's hearing is currently scheduled for February 19, 2026. (Return, Ex. 2.)

On January 2, 2026, Petitioner filed the present case seeking his release from custody. His sole claim is that his continued detention violates his Fifth Amendment right to due process. In response to the Petition, Respondents raise a number of arguments. First, they argue the Court lacks jurisdiction to consider Petitioner's claim. Second, they assert Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1)(B)(ii). Third, Respondents contend Petitioner's detention has not been unreasonably prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), and *Cano v. LaRose*, Case No. 25cv3334 DMS (KSC), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case. In each of those cases the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated their due process rights. *See De la Torre Duran*, ECF No. 11; *Cano*, ECF No. 12. Applying those factors to the present case results in the same conclusion. Indeed, on the length of detention factor, Petitioner here has been detained for more than two years without a bond hearing, twice as long as the petitioners in *De la Torre* and *Cano*.

Under the reasoning of those cases, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order. The parties are ordered to file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing.

**IT IS SO ORDERED**.

Dated: January 21, 2026

Hon. Dana M. Sabraw
United States District Judge